

2010 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-23-2010

# In Re Jeffrey J. Prosser

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2626

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2010

Recommended Citation

"In Re Jeffrey J. Prosser " (2010). *2010 Decisions*. Paper 907.
http://digitalcommons.law.villanova.edu/thirdcircuit_2010/907

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2010 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-2626
_____

In re:  JEFFREY J. PROSSER,

Appellant

(D.V.I. 07-cv-00105)

In re:  INNOVATIVE COMMUNICATION COMPANY, LLC;
INNOVATIVE COMMUNICATION COMPANY, INC.,

Appellants

(D.V.I. 07-cv-00106)

Appeal from the District Court of the Virgin Islands,
Division of St. Thomas and St. John
(Civil Nos. 07-cv-00105 and 07-cv-106)
District Judge: Hon. Curtis V. Gomez, *Chief Judge*

Submitted pursuant to Third Circuit LAR 34.1(a)
December 1, 2009

Before: McKEE, *Chief Judge*, FUENTES, and NYGAARD, *Circuit Judge*s

(Opinion filed: July 23, 2010)

OPINION

McKEE, *Chief Judge*.

Jeffrey J. Prosser and Innovative Communication Company, LLC, appeal from an

1

order of the district court affirming the bankruptcy court's determination that the Terms and Conditions of a Settlement Agreement entered into by Prosser, Emerging Communications, Inc., and Innovative Communication Co. (collectively the "Debtors") and Rural Telephone Finance Cooperative, Greenlight Capital Qualified, L.P., Greenlight Capital, L.P., and Greenlight Capital Offshore, Ltd. (collectively the "Creditors") is not an executory contract that could be assumed by Prosser and Innovative Communication under the provisions of 11 U.S.C. § 365.

Inasmuch as the background to the execution of the Settlement Agreement is recited in the district court's Memorandum and Opinion, we find it unnecessary to repeat it here. *See In re Innovative Communication Company, LLC; In re Jeffrey J. Prosser*, 2008 WL 2275397 (D. Virgin Islands May 30, 2008). Moreover, in its Memorandum and Opinion, the district court has carefully and fully explained its reasons for affirming the bankruptcy court's holding that the Terms and Conditions of the Settlement Agreement do not constitute an executory contract that could be assumed by Prosser and Innovative Communication pursuant to 11 U.S.C. § 365. We can add little to the district court's thoughtful analysis and discussion.

Accordingly, we will affirm substantially for the reasons set forth in the district court's Memorandum and Opinion without further elaboration.